## CALENDAR AND SETTLEMENT CONFERENCE ORDER

A settlement conference with the undersigned is scheduled in this case for **January 25, 2013** at **1:00 pm** in chambers, United States District Court, 450 Main Street, Room 262, Hartford, Connecticut.

I. <u>PARTIES WITH FULL AUTHORITY MUST ATTEND</u>.  The parties are hereby ORDERED to be present at the conference.  If a party is a legal entity, not an individual, a representative of the party who is <u>fully authorized to decide all matters</u> pertaining to the case shall be present at the conference.  The court will not hold a settlement conference without all parties present.  A party may not participate by phone without express, advance approval by the court.  In cases where a party requires authority from an insurer to settle the case, the party shall ensure that an insurance company representative with full authority to settle the case is present at the conference.  For a plaintiff, "full authority" means final authority to dismiss the case with prejudice, and to accept in settlement an amount or terms down to the defendant's last offer.  For a defendant, "full authority" means final authority to commit a defendant to pay, in the representative's own discretion, a settlement amount up to the plaintiff's prayer or the plaintiff's last demand, whichever is lower.  The purpose of this requirement is to have in attendance a person with both the authority and independence to settle the case during the settlement conference without consulting anyone not present.  The requirement that parties personally appear is intended to increase the efficiency

and effectiveness of the settlement conference.  Failure of a party
with full authority to settle the case to attend the conference may
result in the imposition of sanctions.  See Nick v. Morgan's Foods,
99 F. Supp. 2d 1056, 1062-63 (E.D. Mo 2000).  Counsel are ordered
to advise their respective clients and insurance company
representatives of the Nick decision.

II. EXCHANGE OF OFFERS AND DEMANDS.  Settlement conferences
are often unproductive unless the parties have exchanged offers and
demands before the conference and made a serious effort to settle
the case on their own.  Therefore, **not less than 14 days before the
conference,** the plaintiff's counsel shall serve a settlement demand
upon counsel for the defendant.  The demand shall be accompanied by
the plaintiff's analysis of damages.  If the defendant disagrees
with the plaintiff's calculation of damages, the defendant's
counsel shall respond to the plaintiff's analysis **not later than 7
working days before the conference.**  The defendant is encouraged to
make a settlement offer prior to the settlement conference.

III. CONFERENCE MEMORANDA.  **Not later than 5 working days
prior to the conference** counsel shall submit to chambers of the
undersigned an ex parte, confidential conference memorandum.  The
memorandum shall be double spaced in no less than 12 point font and
shall not exceed 10 pages.  It shall include the following: (A) a
list of the claims and defenses; (B) the legal elements of the
claims and defenses; (C) the evidence in support of the claims and

defenses; (D) a damages analysis; (E) a discussion of the strengths and weaknesses of the case; (F) the status of the case, including the discovery remaining and substantive motions filed or contemplated; (G) a summary of any insurance coverage, including whether the terms of the policy exclude any parties or claims; (H) settlement negotiations to date; (I) a list of all those who will attend the conference, including job titles if pertinent to the case.   The plaintiff's counsel shall attach a copy of the complaint to the plaintiff's ex parte memorandum.

    IV.  REQUESTS PERTAINING TO THE CONFERENCE.  Any requests pertaining to the conference shall be made to the chambers of the undersigned in writing, or by telephone confirmed in writing, no later than 10 days from the date of this order.  Any counsel requesting continuances, which will be considered only for good cause shown, shall consult with all opposing counsel before making the request and, in the event of a continuance, shall notify all parties of the new date and time.

    V.  DUE DATES REMAIN IN PLACE. Counsel are reminded that the scheduling of a settlement conference does not affect existing deadlines and shall not delay discovery or other due dates.

    SO ORDERED this 27th day of November, 2012 at Hartford, Connecticut.

                    _____/s/_____
                    Donna F. Martinez
                    United States Magistrate Judge

3